Filed 2/9/15  P. v. Yost CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061731 |
| v. | (Super.Ct.No. CR67330) |
| AARON CLAUDE YOST, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.  Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Aaron Claude Yost appeals from an order denying his petition for recall of his indeterminate life term under Penal Code section 1170.126, subdivision (f).[1]  We will affirm the order.

I

BACKGROUND

On May 2, 1997, a jury found defendant guilty of manufacturing methamphetamine (Health & Saf. Code, § 11379.6, subd. (a); count 1) and possession of pseudoephedrine (Health & Saf. Code, former § 11383, subd. (c); count 2).  The jury also found true that the amount of methamphetamine exceeded 10 gallons/three pounds (Health & Saf. Code, § 11379.8, subd. (a)(2)) and 25 gallons/10 pounds (Health & Saf. Code, § 11379.8, subd. (a)(3) [the weight enhancement]).  In a bifurcated proceeding, the trial court found true that defendant had suffered two prior serious and/or violent strike convictions (former §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two prior prison terms (§ 667.5, subd. (b)).

On June 27, 1997, the trial court sentenced defendant to an indeterminate term of 25 years to life plus a determinate term of 10 years for the weight enhancement on count 1 to state prison with credit for time served; count 2 was stayed pursuant to section 654.

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

Defendant subsequently appealed. In an unpublished opinion, this court ordered the lesser weight enhancement stricken and remanded the matter to the trial court for resentencing. On April 27, 1999, the trial court struck the lesser weight enhancement and resentenced defendant to 25 years to life plus 10 years for the greater weight enhancement on count 1.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act of 2012 (the Reform Act). Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing court seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

On July 7, 2014, defendant filed a petition for resentencing under section 1170.126 with supporting exhibits. The trial court denied the petition on July 17, 2014, finding defendant ineligible for resentencing under section 1170.126, subdivision (e), due to the weight enhancement. Defendant filed a timely notice of appeal on August 15, 2014.

## II

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so.

As previously stated, on November 6, 2012, the voters approved Proposition 36, the Reform Act, which amended sections 667 and 1170.12, and added section 1170.126. The Reform Act changes the requirements to sentence a third strike offender to 25 years to life in prison. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167 (*Yearwood*).) Under the Three Strikes law as it existed prior to the Reform Act (former §§ 667, subds. (b)-(i); 1170.12), a defendant who had previously been convicted of two or more serious or violent felonies was subject to an indeterminate sentence of 25 years to life upon his or her conviction of any new felony. The Reform Act changed the Three Strikes law by reserving indeterminate life sentences for cases where the new offense is also a serious or violent felony, unless the prosecution pleads and proves an enumerated disqualifying factor. In all other cases, a recidivist defendant will be sentenced as a second strike offender, rather than a third strike offender. (*Yearwood*, at pp. 167-168,

4

citing §§ 667, 1170.12; *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1286.)

The Reform Act also created a post-conviction release proceeding whereby a three strikes prisoner who is serving an indeterminate life sentence for a crime that was not a serious or violent felony—and who is not otherwise disqualified—may have his or her sentence recalled and be resentenced as a second strike offender, unless the court "determines that resentencing . . . would pose an unreasonable risk of danger to public safety." (§ 1170.126, subds. (a), (f), (m); *Yearwood*, *supra*, 213 Cal.App.4th at p. 168.)

As the court explained in *Yearwood*, a "prisoner is eligible for resentencing as a second strike offender if all of the following are shown: (1) the prisoner is serving an indeterminate life sentence for a crime that is not a serious or violent felony; (2) the life sentence was not imposed for any of the offenses appearing in sections 667, subdivision (e)(2)(C) and 1170.12, subdivision (c)(2)(C); and (3) the inmate has no prior convictions for any of the offenses appearing in clause (iv) of section 667, subdivision (e)(2)(C) or clause (iv) of section 1170.12, subdivision (c)(2)(C)." (*Yearwood*, *supra*, 213 Cal.App.4th at p. 170, citing § 1170.126, subd. (e).) If the prisoner satisfies these criteria, "the prisoner shall be resentenced as a second strike offender 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*Yearwood*, at p. 170.)

It is undisputed that defendant's current offenses are "not defined as serious and/or violent felonies" and that he otherwise meets the eligibility requirements of subdivision (e)(1) of section 1170.126. The eligibility criterion in subdivision (e)(3) and the dangerousness finding under subdivision (f) of section 1170.126 are likewise not at issue in this case. The only eligibility criterion at issue is the second criterion set forth in subdivision (e)(2) of section 1170.126, which provides in relevant part: "An inmate is eligible for resentencing if: [¶] . . . [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." In other words, if defendant's third strike sentence was imposed for one of the offenses listed in section 667, subdivisions (e)(2)(C)(i)-(iii) or section 1170.12, subdivisions (c)(2)(C)(i)-(iii), he is ineligible for resentencing under section 1170.126.

Section 667, subdivision (e)(2)(C)(i) provides: "The current offense is a controlled substance charge, in which an allegation under Section . . . 11379.8 of the Health and Safety Code was admitted or found true." Since defendant's third strike conviction was a controlled substance charge (Health & Saf. Code, § 11379.6, subd. (a) [manufacturing methamphetamine]) for which the Health and Safety Code section 11379.8 weight enhancement was found true as to that count, his offense is one of the offenses listed in section 667, subdivision (e)(2)(C)(i). Thus, under the plain language of section 1170.126, subdivision (e)(2), he is ineligible for resentencing.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

III

DISPOSITION

The order denying defendant's petition to recall his sentence is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


McKINSTER
J.

7